IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANOCHEM SOLUTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 5686 |
| | ) |
| GLOBAL GREEN PRODUCTS, LLC, LARRY P. KOSKAN, and LEBOND CHEMICALS, INC., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| GLOBAL GREEN PRODUCTS, LLC, | ) |
| | ) |
| Counter Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NANOCHEM SOLUTIONS, INC., | ) |
| | ) |
| Counter Defendant. | ) |

## OPINION AND ORDER

Plaintiff NanoChem Solutions, Inc ("NC") brings this action against defendants Global Green Products, LLC ("GGP"), Larry P. Koskan and Lebond Chemicals, Inc. for patent infringement arising under 35 U.S.C. § 271, violations

of the Lanham Act, 15 U. S. C. § 1125(a), and violations of Illinois law. GGP and Koskan have moved for summary judgment on Counts III and IV of the Second Amended Complaint. Count III alleges GGP and Koskan have directly and contributorily infringed U.S. Patent No. 5,593,947 ("the '947 patent"), entitled "Method For More Efficient Uptake of Plant Growth Nutrients," which issued on January 14, 1997 to Koskan and others. Count IV alleges that GGP and Koskan have directly and contributorily infringed U.S. Patent No. 5,152,902 ("the '902 patent"), entitled "Polyaspartates as a Calcium Carbonate and a Calcium Phosphate Inhibitor." The '947 patent will expire on November 5, 2012 and the '902 patent already expired on March 19, 2011.

Summary judgment is proper only when the evidence shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The court construes all facts and draws all reasonable inferences in favor of the nonmovant. *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 274 n.1 (2009); *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012); *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1378 (Fed. Cir. 2008). The facts taken as true for purposes of ruling on defendants' motion for summary judgment are as follows.

Prior to February 26, 2004, the patents in suit were owned by Donlar Corporation ("Donlar"). Koskan was the president of Donlar. Donlar filed a petition for protection of creditors pursuant to Chapter 11 of the United States Bankruptcy Code. On June 2, 2004, Koskan executed an assignment which conveyed the title and interest in the patents in suit to NC. Prior to the end of 2004, Koskan formed GGP which is in the business of selling products for industrial water treatment and agricultural uses.

NC alleges that in addition to offering to sell products defined by the '947 and '902 patents in violation of § 271(a), GGP has also been engaged in contributory infringement in violation of §§ 271 (b) and (c). "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

GGP does not dispute that the polyaspartic acid it sells was imported and meets the material descriptions recited in Claim 1 of the '902 patent and Claim 1 of the '947 patent.

GGP's motion as to the '947 patent alleges that NC has not identified a customer of GGP that practices the claimed method of using polyaspartic acid for use in agriculture. However, it is undisputed that GGP has published business plans that refer to use of its products in fertilizer materials for plants and has field tested one of its products on a golf course. There is a valid dispute as to the effect of this evidence, but there is enough evidence to create an issue as to whether or not GGP has "offered to sell" product in violation of the infringement prohibition. Also, it is possible that GGP has not actually sold any product which has been used in an agricultural process, which could preclude the recovery of damages. However, the extent of damages is not an issue for consideration in ruling on this motion for summary judgment.

The '902 patent describes a method of inhibiting the precipitation of calcium carbonate in an aqueous system, using polyaspartic acid as defined in the Claims. Calcium carbonate and other precipitating minerals are present in water used in industrial products. GGP sells polyaspartic acid for inhibiting

precipitation and scaling in water treatment systems. There is evidence that its largest United States customer, Nalco Holdings, LLC, has used its product to control calcium carbonate. GGP disputes the admissibility and proper interpretation of NC's evidence, but the resolution of the disputed evidence is for trial and cannot be resolved in a summary judgment ruling.

IT IS THEREFORE ORDERED that defendants' motion for partial summary judgment [113] is denied. A status hearing is set for November 8, 2012 at 2:00 p.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 16, 2012